FILED
NOV 19 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,             ) | |
|                                                            ) | |
|                       Plaintiff,              ) | |
|                                                            ) | CRIMINAL NO. 12-30226-GPM |
|           vs.                                         ) | |
|                                                            ) | |
| ASHLEY C. DRUMMOND,                 ) | |
|                                                            ) | |
|                       Defendant.           ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

### I.

1. By pleading guilty, the Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every

other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2011, are, for imprisonment: $2,407.78 per month; for community confinement: $2,180.27 per month; and for supervision: $286.11 per month. The

Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9. The Defendant understands and agrees that if Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant will enter a plea of guilty to the superseding indictment, which charges violations of the following statutes(s), which carry the following penalties:

| Count | Statute | Charge | Statutory Penalty |
|---|---|---|---|
| 1 | 18 U.S.C. § 1349 | Conspiracy to Commit Mail Fraud | Not more than 20 years' imprisonment, a fine of up to $250,000, or both; Not more than a 3 year term of supervised release; $100 special assessment |
| 2 | 18 U.S.C. § 1028A | Aggravated Identity Theft | 2 year term of imprisonment to be imposed consecutively to the term imposed in Count 1; Not more than a 1 year term of supervised release; $100 special assessment |

2. The Government and the Defendant agree that the following constitute the essential elements of the offenses, and Defendant admits that Defendant's conduct violated these essential elements of the offenses:

| Count | Statute | Charge | Elements |
|---|---|---|---|
| 1 | 18 U.S.C. § 1349 | Conspiracy to Commit Mail Fraud | First, that the conspiracy described in the Superseding Indictment existed; and Second, that the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy |

4

| Count | Statute | Charge | Elements |
|---|---|---|---|
| 2 | 18 U.S.C. § 1028A | Aggravated Identity Theft | First, that the defendant committed the felony offense of Conspiracy to Commit Mail Fraud, as charged in Count 1; Second, that during and in relation to that offense, the defendant knowingly transferred, possessed, or used a means of identification; Third, that the defendant did so without lawful authority; Fourth, that the means of identification belonged to another person; and Fifth, that the defendant knew that the means of identification belonged to another person. |

3. The Government and Defendant submit that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 11, a Criminal History Category of I, a sentencing range of 8-14 months, and a fine range of $2,000-$20,000. The Government and Defendant further submit that Defendant will face an additional 24 months term of mandatory imprisonment consecutive to the above-mentioned range due to the defendant's plea to a single count of Aggravated Identity Theft under Title 18, United States Code, Section 1028A. The Government and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the Guideline range found or the sentence imposed by the Court, Defendant will not be permitted to

withdraw Defendant's plea of guilty. The Government agrees to recommend a sentence and fine at the low end of range ultimately found by the Court. The Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a), but agree not to seek a sentence outside the applicable Guideline range.

The agreement by the parties to not seek a variance from the Guidelines is not binding upon the Court or the United States Probation Office, and the Court may impose any sentence authorized by law.

The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

4. Defendant and the Government agree that the Base Offense Level in this case is 7 pursuant to U.S.S.G. § 2B1.1(a)(1). The Defendant and the Government further agree that the specific offense characteristic of § 2B1.1(b)(1)(A) pertaining to amount of loss applies but does not increase Defendant's offense level. Defendant and the Government agree that more than 10 but less than 50 victims were involved in the offense and that the specific offense characteristic of § 2B1.1(b)(2)(A) applies and increases Defendant's offense level by 2 to an offense level 9.

5. Defendant and the Government agree that a vulnerable victim-related adjustment under § 3A1.1(b)(1) applies to this offense, and the defendant's offense level is increased by 2 levels to an offense level 11.  *See* U.S.S.G. § 3.A.

6. Defendant and the Government agree that her role in the offense was such that his offense level should be neither increased (under 3B1.1) nor decreased (under 3B1.2). Defendant and the Government agree that the defendant abused a position of trust and that Defendant's offense level should be increased by 2 levels under § 3B1.3. The defendant's offense level should be increased from an offense level of 11 to an offense level of 13.

7. Defendant and the Government agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level should not be increased. The Government will present no evidence to support an obstruction of justice enhancement at sentencing.

8. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 2 Levels, reducing the Offense Level from 13 to Offense Level 11. See U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.

9. Defendant and the Government submit that it appears that Defendant has amassed zero (0) Criminal History points and that, therefore, the Sentencing Guideline Criminal History

7

Category is I. The Defendant and the Government arrived at this Category based upon the following information:

*No known applicable criminal history.*

Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted before sentencing. Defendant recognizes that, regardless of the criminal history found by the Court, Defendant will not be able to withdraw the plea of guilty.

10. The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

11. The Defendant understands that restitution is mandatory. A final restitution figure has not been calculated, but the Government does not expect restitution to exceed $1,500.00.

### III.

1. The Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.

2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions

made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of his appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

No matters are in dispute.

STEPHEN R. WIGGINTON
United States Attorney

*Ashley Drummond*  
ASHLEY C. DRUMMOND  
Defendant

*Katherine L. Lewis*  
KATHERINE L. LEWIS  
Assistant United States Attorney

*Justin A. Kuehn*  
JUSTIN A. KUEHN  
Attorney for Defendant

Date: 11/19/12                     Date: 11/19/12